IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 15, 2017

## DAVID MICHAEL BLEVINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sullivan County**
No. C64574     R. Jerry Beck, Judge

_____

**No. E2016-02304-CCA-R3-PC**
_____

Petitioner, David Michael Blevins, appeals the Sullivan County Criminal Court's denial of his petition for post-conviction relief. On appeal, he contends that the post-conviction court improperly found: (1) that he had waived his independent claim regarding a speedy trial violation and (2) that trial counsel did not render ineffective assistance of counsel by failing to raise the speedy trial issue. Having reviewed the record before us, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Randall D. Fleming, Kingsport, Tennessee, for the appellant, David Michael Blevins.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Barry Staubus; District Attorney General; and Julie Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial, Petitioner was convicted of three counts of aggravated sexual battery as lesser-included offenses of the indicted charges of rape of a child. He was sentenced to serve thirty years in confinement. Petitioner appealed his convictions and sentence, and this court affirmed the judgments of the trial court. *State v. David Michael Blevins*, No. E2013-01976-CCA-R3-CD, 2014 WL 2170073 (Tenn. Crim. App. May 23, 2014).

Petitioner testified that he was originally charged with additional offenses in Hamilton County, and served eighteen months in jail. He estimated that he was in jail from 2009 until April or May of 2011, awaiting disposition of the charges. Petitioner was not aware that he had been indicted in Sullivan County for three counts of rape of a child while he was incarcerated in Hamilton County. While in custody in Hamilton County, he was never served with a warrant for his arrest or notified of the Sullivan County charges. Petitioner testified that in 2011 he pled guilty to the Hamilton County charges, which consisted of five counts of sexual battery, and he received a sentence of one year for each count to be served consecutively for an effective five-year sentence as a Range I offender. The victim in the Hamilton County cases is the same victim in the Sullivan County cases.

Petitioner testified that he became aware of the Sullivan County presentment in August 2011 when he "was up for parole[.]" He said that someone from the parole board told him that the board would grant parole but "there were people from Sullivan County who wanted to speak first." Petitioner testified that he was presented with the Sullivan County presentment charging him with three counts of rape of a child when he was booked into the Sullivan County Jail on September 2, 2011. Petitioner claimed that if he had known about the charges in Sullivan County he would not have accepted the plea deal in Hamilton County.

Petitioner testified that he informed trial counsel in the Sullivan County case that he was unaware of the Sullivan County presentment while he was incarcerated in Hamilton County. He also said that he would have asked for a speedy trial in Sullivan County if he had known about the Sullivan County presentment in October of 2009. Petitioner did not recall why the Sullivan County case's trial dates were reset. Petitioner testified that he did not ask trial counsel to file a motion for speedy trial in Sullivan County because he did not know that he could. He felt that he was prejudiced in his Hamilton County cases because he did not know of the Sullivan County charges.

On cross-examination, Petitioner agreed that trial counsel in the Hamilton County case told Petitioner that he was getting a good deal and that "I would go over, get classified with the State of Tennessee. They would give me a number, and I would be out on parole immediately." Petitioner claimed that he and the Hamilton County trial counsel did not review everything in the Hamilton County plea agreement, and he only signed the plea agreement because his counsel told him that it was a good deal. However, he would have requested a trial if he had known about the Sullivan County charges at the time.

Sullivan County trial counsel testified that he had been practicing law for thirty-nine years. He represented Petitioner in Sullivan County on three counts of rape of a child, and after a two-day trial, Petitioner was convicted of the lesser-included offense of aggravated sexual battery on each count. Trial counsel testified that he first learned of

the Sullivan County indictment in September or October of 2011, and he subsequently learned of the Hamilton County case from Petitioner. Trial counsel testified that he did not argue the speedy trial issue on appeal because he did not think of it. He said, "I – I can see that that would be a possibility now, but I – at the time I did not think of it, quite frankly."

On cross-examination, trial counsel testified that Petitioner's cases in Hamilton County concluded in March 2011. Petitioner arrived in Sullivan County approximately six months later, and his case went to trial in "just a little over a year."

The appellate record shows the following. Petitioner was indicted by the Hamilton County Grand Jury on October 12, 2009, for seven counts of aggravated sexual battery. On March 31, 2011, Petitioner pled guilty to five counts of sexual battery and was sentenced to an effective five-year sentence.

Petitioner was indicted on October 27, 2009, by a Sullivan County Grand Jury for three counts of rape of a child. A *capias* was issued, and the court set bail at $35,000. Following the completion of the Hamilton County case, Petitioner was transported to the Department of Correction and later to Sullivan County. On September 6, 2011, Petitioner was served with the *capias* while at the Sullivan County Jail. Trial counsel was appointed, and on October 25, 2011, a hearing was held to discuss the status of Petitioner's case. During that hearing, the following exchange took place:

> [Trial counsel]: Judge, discovery's still ongoing in this case. And though it's set for announcement, I was just conferring with [Petitioner]. He is serving another sentence from the DOC, and he says right now his release date is May of 2014. And I know the State needs some time to get some more . . .
>
> [Prosecutor]: Right. We're waiting on some information from the Chattanooga Police Department so . . .
>
> [The Court]: Suggestions?
>
> [Prosecutor]: Probably after the first of the year.
>
> [Trial Counsel]: After the first of the year, Judge. That's what I was going to say. That's . . .
>
> [The Court]: This [presentment] in this case was returned on October 27, 2009.
>
> [Prosecutor]: That's correct, Judge.

[The Court]:         The offenses go back to 2003.

[Prosecutor]:        The capias wasn't served, I don't believe, until September of this year because he has been in Hamilton County.

The parties also noted that Petitioner was incarcerated in a state penitentiary in Hardeman County at the time of the status hearing.

On January 5, 2012, Petitioner's case was set for trial on March 30, 2012. On January 19, 2012, Petitioner filed a motion to suppress his statements. A hearing was held on March 30, 2012, and the motion to suppress was granted by the trial court. At the conclusion of the suppression hearing, a trial date was set for September 10, 2012, at trial counsel's request in order for him to do some further investigation in Chattanooga. The trial was subsequently rescheduled to September 24, 2012, by agreement of the parties. On August 30, 2012, the trial date was again rescheduled by agreement of the parties to November 13, 2012. A jury trial was held on November 13-15, 2012, and Petitioner was found guilty of three counts of aggravated sexual battery.

Petitioner asserts that he is entitled to post-conviction relief for two reasons: (1) he was unconstitutionally denied a speedy trial, and (2) his trial counsel rendered ineffective assistance of counsel, specifically by failing to file a motion to dismiss the Sullivan County charges because of the violation of his right to a speedy trial, and/or failing to file a motion for a speedy trial.

The first issue is what is sometimes referred to as a "stand alone" claim. Normally, as in the case *sub judice,* the stand alone claim is waived in a post-conviction hearing. T.C.A. § 40-30-106(g) provides that "A ground for [post-conviction] relief is waived if the petitioner personally or through an attorney failed to present it for determination or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with two exceptions, neither of which apply in this case. *See also Andrew T. Lee v. State*, No. M2014-02242-CCA-R3-PC, 2016 WL 210906, at *7 (Tenn. Crim. App. Jan. 19, 2016); *Timothy Flood v. State*, E2009-00294-CCA-R3-PC, 2010 WL 1068184, at *4 (Tenn. Crim. App. Mar. 24, 2010); and *Earl Jefferson v. State*, W2004-00655-CCA-R3-PC, 2005 WL 525265, at *9 (Tenn. Crim. App. Mar. 4, 2005).

The record reflects that no speedy trial issue was presented in the trial court during the initial proceedings, nor on direct appeal from the convictions. Indeed, the failure of trial counsel to present the issue is the basis of Petitioner's claim that trial counsel rendered ineffective assistance of counsel. Accordingly, in this post-conviction proceeding, the stand alone claim that Petitioner's constitutional right to a speedy trial was denied to him is waived.

As to Petitioner's claim that trial counsel rendered ineffective assistance of counsel by failing to assert any claim that Petitioner had been denied his right to a speedy trial, we will set forth the procedural history pertinent to that issue. Petitioner was charged in a presentment by the Sullivan County Grand Jury on October 27, 2009, with three counts of rape of a child. A "capias/bench warrant" for Petitioner's arrest was issued the following day. Petitioner was not arrested until September 2, 2011. An order of the trial court in Sullivan County was entered on August 8, 2011, acknowledging that Petitioner was in custody of the Tennessee Department of Correction, and the order was for Petitioner to be released to the custody of the Sullivan County Sheriff, on or before September 6, 2011, for a court appearance. The order further required Petitioner to be held in custody by the Sullivan County Sheriff "pending further order of the Court."

On September 6, 2011, Petitioner was arraigned and the Public Defender was appointed to represent him. Petitioner and trial counsel appeared for an "announcement day" on October 25, 2011, and the case was reset for "announcement" on January 5, 2012. On that date, Petitioner and trial counsel appeared again and pre-trial motions were set to be heard on March 30, 2012. Motions were heard that date. An announcement day was set for August 6, 2012, with the trial set for September 10, 2012. On August 3, 2012, the announcement day was reset for August 30, 2012, with the trial date remaining the same. Petitioner and trial counsel appeared in court on August 30, and the trial was reset for September 24, 2012. However, on September 13, 2012, the trial date was reset for November 13, 2012. From the record it appears that neither Petitioner nor trial counsel appeared in court on September 13. However, it also appears from the record that an ongoing murder trial was the reason for the last continuance. The trial commenced as scheduled on November 13, 2012, three years plus approximately two weeks after the Sullivan County Grand Jury returned the presentment. The jury found Petitioner guilty of the lesser-included offense of aggravated sexual battery on each count. Petitioner was sentenced to serve an effective sentence of 30 years for the three convictions. On appeal trial counsel continued to represent Petitioner and raised three issues: (1) the conviction offense of aggravated sexual battery was not a lesser-included offense of rape of a child; (2) the evidence was insufficient to support the convictions; and (3) the trial court erred in its imposition of the length and manner of service of the sentences. This court affirmed the judgments of the trial court. *David Michael Blevins*, 2014 WL 2170073, at *4-9.

It is undisputed that trial counsel never filed a motion for a speedy trial and that trial counsel never filed a motion to dismiss the charges alleging that Petitioner was denied his constitutional right to a speedy trial. The only witnesses at the post-conviction hearing were Petitioner and trial counsel.

Most of the facts leading to Petitioner's convictions are marginally relevant to the issue raised in this appeal. Those necessary to the analysis will be summarized. A

detailed statement of the facts can be found in this court's opinion in the direct appeal. *David Michael Blevins*, 2014 WL 21700273, at *1-2.

As noted above, Petitioner asserts that trial counsel was ineffective for failing to file motions for a speedy trial and/or motions to dismiss the prosecution because of the denial of Petitioner's constitutional right to a speedy trial. The State responds that Petitioner has not established his claim by clear and convincing evidence nor has Petitioner suffered any prejudice even if trial counsel's failure to file "speedy trial" motions was deficient performance.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 205, 280 L. Ed. 2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." *Id*. at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter*, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694).

Trial counsel's deficient performance, if proven, would be an act of omission – failure to file a motion for speedy trial and/or a motion to dismiss charges because the right to a speedy trial was denied. A fair reading of trial counsel's testimony reveals he just did not think about filing the motions. There is no proof that strategy or trial tactics were involved. Assuming deficient performance, the appropriate analysis of whether Petitioner was prejudiced by trial counsel's failure to file a motion for speedy trial and/or a motion to dismiss for violation of his right to a speedy trial, is to examine whether there is a reasonable probability the motions – for a speedy trial or a motion to dismiss for denial of a speedy trial – would have been granted.

The Sixth Amendment to the United States Constitution and article 1, section 9 of the Tennessee Constitution guarantee the accused the right to a speedy and public trial. In determining whether the petitioner's right to a speedy trial was violated by the delay in this case, we must consider the following four factors: (1) the length of the delay; (2) the

reason for the delay; (3) the petitioner's assertion of the right; and (4) the prejudice caused to the petitioner by the delay. *See State v. Bishop,* 493 S.W.2d 81, 83–84 (Tenn.1973) (citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Factor (2), the reason for delay, generally falls into one of four categories: (1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused, or acquiesced in, by the defense. *State v. Wood*, 924 S.W.2d 342, 346 (Tenn. 1996).

In this case, the post-conviction court found:

Sullivan County, TN counsel [    ] was first appointed on September 24, [2011], approximately fourteen months prior to the Sullivan County, TN jury trial.

*       *       *

It is established above that a trial [sic] in Hamilton County occurred and no appeal resulted.

The Berry cases basically found that because the state chose to try one case first delaying the second case that no "sinister" malice could be found against the state. "Nor will this court [C.C.A.] assume in absence of any proof a nefarious motive for the order of the trials [(emphasis added)]. Berry 366 S.W.3d 160, 171-172 (Tenn. Crim. App. 2011).

*       *       *

To the extent that the petitioner asserts that his counsel was ineffective for failing to assert the petitioner's right to a speedy trial, he has failed to establish that claim by clear and convincing evidence.

Further, the petitioner has failed to establish prejudice.

In such circumstances, the Sullivan Co. defense counsel would not be required to file speedy trial or dismissal motions.

(emphasis in original).

The post-conviction court made further factual findings at the post-conviction hearing:

Now, going back to *Berry,* I think this may be a very important part of my decision. The issue of multiple trials has been discussed in *Berry v. State,* 366 S.W.3d 160, pinpoint citation 171, Tennessee Court of

- 7 -

Criminal Appeals 2011, in the context of speedy trial. Basically *Berry* found – the court of [criminal] appeals found that the state's choice to try the defendant on another serious charge before – before trying to – him on the present charge did not show a sinister motive in context to the defendant's claim that a four-year delay between indictment and trial violated the constitutional speedy trial

Now, there's another side to *Berry*. There's also the supreme court opinion. That was a death penalty case. And there's two published opinions, but I'm citing from the court of criminal appeals. Now – now, they seem to draw no sinister . . .

That's what *Berry* says, the fact they tried on first, then tried the second one. After the first on was tried, within 14 months he got to trial here. Is that a – I may be off on a month or two on the dates but . . .

\* \* \*

There could be no sinister motive in context to the defendant's claim that a four-year delay between indictment and trial violated his constitutional right.

That seems to favor the State, because he was in Chattanooga-Hamilton County custody. Was held there for a long time. But I'm not a Hamilton County judge and I'm not doing Hamilton County post-convictions. The Chattanooga counsel's not attacked here today. It's the wrong venue, one, or wrong – wrong jurisdiction. But I think *Berry* answers the question. Now, they went on in *Berry* to say – they pointed out that in *Berry* or other case law that murder is a highly technical, complex case.

Now, the defendant was charged in Hamilton County with aggravated sexual battery. And I believe those are B-felonies. The State had to deal with young witnesses. In this case the witnesses were the two – the actual crimes occurred in approximately 2003. That has all the aspects of [a] complex case. It's going to take a little bit longer from an attorney's standpoint to get ready in and guessing what's going [sic] to do. And Mr. Jordan had talked – has described here, as far as the Sullivan County cases, all the people he talked to, including the attorney that represented him in Chattanooga. Even went online to Facebook trying to find things. That describes to me a complex issue that [trial counsel], here, had here on the Sullivan County cases.

- 8 -

So I find that the cases in Sullivan County were complex cases 'cause they started out as rape of a child, were Class A felonies.

Now going to the issue of [trial counsel's] effectiveness or non-effectiveness of assistance of counsel by reason of not filing a motion to dismiss for lack of a speedy trial or a motion for a speedy trial. As – as I described above, the Hamilton County, Tennessee cases were tried first, and there's no indication the Petitioner [    ] had attacked his Hamilton County counsel. In any case, it's not within my jurisdiction.

Tennessee-County – Sullivan County, Tennessee counsel, [          ], was first appointed in September 24th, [2011], approximately 14 months prior to the Sullivan County, Tennessee jury trial. But what delayed that was the trial in Chattanooga, a different county, another jurisdiction. Under – in such circumstances the trial court here will not assume the Hamilton County attorney was ineffective. I don't think it would affect it anyway.

There was no appeal taken on the Hamilton County case that I could find by doing research. It was a plea of guilty with no appeal out of the Hamilton County cases.

The *Berry* – back to the *Berry* cases, the supreme court case and the criminal court of appeals [sic] case, both being the same persons but it was a death penalty case and both . . .

Well, I've gone through that. Both of them are reported cases, appendix.

Okay. Again repeating, the *Berry* cases basically found that because the state chose to try one case first, delaying the second case, had no sinister malice could be found against the state. Nor will the court assume, in absence of any proof, a nefarious, . . . , motive for the orders of the trial, again citing *Berry*, 366 S.W.3d 160, pinpoint citations 171-172, Tennessee Court of Criminal Appeals 2011.

I do not believe that [trial counsel] trying the case within 14 months, a complex case where the – a jury trial had occurred – a plea of guilty had occurred in Hamilton County and we got him to trial within 14 months, I don't think – and I'm going to rule – that [          ], trial counsel in the Sullivan County case, was not [ineffective]. The case was barely over one year, which is a milestone from the time the defendant was brought back to Sullivan County for trial. So the defendant has not shown by clear and convincing proof that [      ], trial counsel, was ineffective in Sullivan County.

Now, as to prejudice, I – the defendant seems to put some kind of factual basis that the reason he was prejudiced was because if he had known about the Sullivan County cases, he would have not pled guilty in Hamilton County. But the Hamilton County cases would have been – the State would overcome a heavy burden to get those in anyway, into evidence for purpose of impeachment because of the similarity of the two cases. I rather regularly hear . . .

I can't say it because we never had a hearing. [Trial counsel], I think, testified we never had a hearing, but in the past I've held that you can't get in crimes that are almost exactly the same or lesser included offenses. But it was never tested. I don't want to say . . .

The courts have discretion, but the courts can also be reversed by letting cases in for impeachment purposes that would likely poison a jury. He says he wouldn't have pled; he would have gone to trial on A-felony – on B-felonies. I don't find that particularly credible.

At the post-conviction hearing, Petitioner argued both that trial counsel rendered deficient performance by failing to file a motion for speedy trial and that trial counsel should have filed a motion to dismiss the Sullivan County charges because of the denial of a speedy trial. First, assuming that trial counsel was ineffective for failing to file a motion for speedy trial, Petitioner has not proven any prejudice. At the post-conviction hearing, Petitioner testified that he would not have pled guilty to the Hamilton County charges if he had known about the presentment in Sullivan County. However, Petitioner had already pled guilty in Hamilton County by the time trial counsel in Sullivan County was appointed to represent Petitioner on the charges in Sullivan County. Any motion for speedy trial filed at that point would not have cured any alleged prejudice by pleading guilty in Hamilton County. Second, also assuming that trial counsel was ineffective for failing to file a motion to dismiss the Sullivan County charges because of the denial of a speedy trial, Petitioner has likewise failed to demonstrate any prejudice. Petitioner's only testimony at the post-conviction hearing concerning prejudice to him by trial counsel's failure to file a motion to dismiss because of the denial of a speedy trial was that he "would not have accepted any kind of a plea deal" in Hamilton County. The trial court specifically found that Petitioner's testimony was not credible. We further note that trial counsel testified to the following at the post-conviction hearing:

But quite frankly in my investigation I did not find anyone that was no longer available or that their memories had faded to where we could come in and say, "*The delay had caused this prejudice to the defendant, [ ]*"

And I interviewed police officers. As I said, I talked to the attorney down there, got the information from when he went to I believe it was Riverbend. Talked to his counselor that was down there that he had called that night – that day when he was arrested. Trying to think who I . . .

And I talked to individuals at the school regarding the alleged victim. Even went on her Facebook account to try to see if we could find something there. But I did not see anything that would help us as far as a motion for speedy trial.

To my knowledge, there's no unavailable witness, and their memories were intact.

The post-conviction court determines the credibility of the witnesses. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010). The evidence does not preponderate against the post-conviction court's finding of fact as to Petitioner's lack of credibility regarding his testimony of prejudice suffered by him as a result of alleged deficient performance by trial court. Therefore, Petitioner failed to establish that he received ineffective assistance of counsel.

Accordingly, the judgment is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 11 -